### In the Matter of John Beckham THRONEBERRY.

Court of Criminal Appeals of Tennessee, at Nashville.

March 18, 1988.

Permission to Appeal Denied by Supreme Court July 25, 1988.

W.J. Michael Cody, Atty. Gen., Kathy M. Principe, Asst. Atty. Gen., Nashville, for State.

B.F. "Jack Lowery, Lebanon, Ken Burger, Murfreesboro, for contemnor.

## OPINION

WADE, Judge.

Appellant, the defendant in a divorce action instituted by his now ex-wife, appeals from two (2) separate rulings of the trial court finding him in contempt.

On April 8, 1987, the trial court initially found the appellant in violation of court orders requiring him to maintain his wife's health insurance and prohibiting him from harassing his wife. Appellant was sentenced to 10 days in jail on each of these counts. Additionally, the trial court revoked a previously suspended five day sentence for contempt thereby requiring a total of twenty-five days in jail.

In the second proceeding, appellant was sentenced to six months in jail for failing to pay, among other things, his child support as previously ordered by the court.

On both of these matters, the appellant questions the sufficiency of the evidence. As to the second, he raises the additional issue of whether he was denied an impartial hearing. That the contempt is criminal in nature and therefore within the jurisdiction of this court is not at issue.

The judgment of the trial court is affirmed.

The divorce in this case was a complicated, lengthy affair. The wife had filed prior contempt petitions on several occasions. A history of the litigation is necessary to an appropriate determination of the issues presently before this court.

On January 16, 1986, the trial court enjoined the appellant from seeking entrance to his wife's residence without her consent. The court further ordered the appellant to pay temporary support for his family and to maintain all insurance policies covering his family.

The following month, the court held the appellant in contempt but declined to impose any sanctions. The trial court again admonished the appellant not to enter his wife's residence or communicate with her when returning the children from their visitation.

On April 3, 1986, the court gave warning to the appellant to timely pay house payments and to immediately pay the arrearages that had accrued. Again, the court admonished the defendant to stay outside the residence.

On June 16, 1986, the trial court found the appellant in contempt for creating a disturbance at his daughter's school and sentenced him to 10 days in jail, five of which were later suspended. The order required that he not harass his wife.

On April 8, 1987, a hearing was held on the first charges of contempt now before this court. The basis for the petition was an incident that occurred one month earlier when appellant was returning the children from their regularly scheduled visitation. On this occasion, one of the two children was asleep in appellant's arms so he requested that his wife come to the door and take the child from him. Upon her return to the apartment, she found appellant inside the doorway. According to testimony, he was standing there, grinning, whereupon she told him to get out of her house. When he did not leave, she either kicked or nudged the defendant with her bare foot. The appellant turned and ran out of the apartment.

Approximately two weeks later, Cynthia Throneberry was arrested on a warrant for assault sworn out by appellant. She posted a personal appearance bond and was given a court date. When her husband

failed to appear at trial, the case was dismissed.

Later, at the behest of the appellant, his wife was arrested on the same charge, again posted bond and received a court date. On this occasion, the appellant did appear and testified against his wife. The case was dismissed.

The appellant was consequently charged with contempt for the harassment of his wife as well as his failure to maintain her health insurance. Although the harassment issue was contested, the appellant conceded the cancellation of insurance; he claimed he was unaware of the prior order requiring him to maintain the policies. Appellant was found in willful contempt on each issue.

The second petition was based upon an order requiring the appellant to pay $1,500 per month in child support, $300 per month in rehabilitative alimony and $400 per month for a car payment. On August 6, 1987, the court held his failure to pay support to be an intentional, willful and malicious disregard of the previous order. Appellant had, in fact, made no payments between April and August of 1987 except for one payment of $150 made a few days before the hearing (and apparently after the petition for contempt). During this period, appellant made a wage of ten dollars an hour and worked forty hours a week. Appellant contended that he was financially unable to make these payments and that, in the alternative, he believed these amounts were being satisfied out of wage assignments and his partnership property as the court had previously ordered.

Concurrent with this appeal is the appeal by the appellant to the Court of Civil Appeals, Middle Section, in *Cynthia Ann Richards Throneberry v. John Beckham Throneberry*, No. 87–340–II, challenging, among other things, the propriety of the judgment awarding in excess of $2,000 per month in support and alimony. It is not within the jurisdiction of this court to determine whether the amount awarded was excessive under these facts.

All courts have the power "[t]o compel obedience to its judgments, orders and process."[1] Each is vested with the "power to punish for contempt."[2]

Generally, the circuit and chancery courts are limited in punishment to a fine of fifty dollars ($50.00) and imprisonment not in excess of ten (10) days.[3] The exception to this rule is as follows:

Failure to comply with child support order—Criminal sanctions. (a) When any person, ordered to provide support and maintenance for a minor child or children, shall fail to comply with the order or decree, such person may, in the discretion of the court, be punished by imprisonment in the county workhouse or county jail for a period not to exceed six (6) months.

T.C.A. § 36–5–104.

The trial court sentenced the maximum punishable imprisonment on each of the two counts in the first proceeding, or a total of twenty (20) days. This appeal neither addresses the previous finding of contempt wherein the court revoked the suspension of the five (5) day balance of the sentence nor raises any question about the criminal nature of the proceeding. The appellant received the maximum imprisonment of six (6) months for his failure to provide child support and maintenance.

I

■ The appellant contends that the evidence is insufficient to support the findings of the court. Under our law, the determinations of the trial judge on questions of fact are to be given the weight of a jury verdict and are conclusive on appeal unless the appellate court finds that the evidence preponderates against his findings. *Clenny v. State*, 576 S.W.2d 12 (Tenn.Cr.App. 1978).

■ The burden is on the appellant to show that the evidence preponderates

---

1. T.C.A. § 16–1–102(3)

2. T.C.A. § 16–1–103

3. T.C.A. § 29–9–103

against the findings of the trial judge. *State v. Nixon,* 669 S.W.2d 679, 694 (Tenn. Cr.App.1983). This court does not weigh the evidence but makes only a determination of whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e).

■ There are adequate facts in the record to support the findings of the trial court in each of the two proceedings.

There is little need to restate the history of this litigation by reference to further testimony. The criminal proceedings instigated by the appellant had little basis in fact. The trial judge could only conclude that the process of the courts was made use of by the appellant in an attempt to harass or intimidate his wife.

The appellant contends that his failure to provide insurance was not willful since his mother, rather than he, cancelled the coverage and that he was unaware of the prior court order. The duty is not one subject to delegation. Some degree of responsibility must be exercised by the appellant to know the order of the court and to follow it. The record is devoid of any indication of good faith to do either.

■ As to the second proceeding, the appellant makes a persuasive argument that the amount of support required was excessive in comparison to his ability to pay. It is, however, apparent that no support at all was provided by the appellant from April 14, 1987, until just before the hearing scheduled the following August 6th. Any effort made during this period commensurate with his alleged actual earnings would have provided this court with some basis upon which to provide a modicum of relief. There is again no evidence in the record to indicate any good faith effort on the part of the appellant to comport with the order of the court. Under these circumstances, the manner in which the trial judge calculated the amount of support becomes irrelevant to the underlying issue of contempt.

The issues challenging the sufficiency of the evidence in each proceeding are without merit.

## II

. ■ The appellant alleges that the trial judge, in the second proceeding, had become so "angered and biased toward the appellant" as to deprive him of an impartial trier of fact.

The state points out that the brief contains no citation to authority or to the record and that the record reveals no motion on the part of the appellant for recusal.

As a matter of law, the issue is waived. T.R.A.P. 13 and 27(a)(7); Rule 10, Rules of Court of Criminal Appeals.

■ Under usual circumstances, due process requires that there be no likelihood or appearance of bias that the judge is unable to hold the balance between vindicating the interests of the court and the interests of the accused. *Ungar v. Sarafite,* 376 U.S. 575, 578, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). Even if this issue had properly been assigned to this court, it is apparent that the evidence does not rise to the level required for recusal. There is no indication that the trial judge had become personally embroiled in the controversy or that the contemptuous conduct amounts to a personal criticism of the court. See *Johnson v. Mississippi,* 403 U.S. 212, 91 S.Ct. 1778, 29 L.Ed.2d 423 (1971); *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

This issue is also without merit.

The judgment of the trial court is affirmed.

BYERS and REID, JJ., concur.