IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## JACKIE WILLIAM CROWE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for McMinn County**
**No. 98-034     Carroll L. Ross, Judge**

---

**No. E1998-00016-CCA-R3-PC - Decided June 20, 2000**

---

In this appeal of the trial court's denial of his petition for post-conviction relief, the petitioner, Jackie William Crowe, who was convicted of two counts of rape and two counts of incest, asserts that he was denied effective assistance of counsel. He also argues that the trial judge was biased. Because the petitioner received effective assistance of counsel at trial and was not prejudiced by his appellate counsel's performance, and because there is insufficient evidence of bias on the part of the trial judge, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

WADE, P.J., delivered the opinion of the court, in which WELLES and HAYES, JJ., joined.

C. Christopher Brown (on appeal) and Jeffrey L. Cunningham (on appeal and at trial), Athens, Tennessee, for the appellant, Jackie William Crowe.

Paul G. Summers, Attorney General & Reporter, Marvin S. Blair, Jr., Assistant Attorney General, and William Reedy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Jackie William Crowe, was convicted on two counts of rape and two counts of incest. He received consecutive twelve-year sentences for each rape and concurrent six-year sentences for each of the incest offenses. The effective sentence is twenty-four years. On direct appeal, this court affirmed. State v. Jackie William Crowe, No. 03C01-9609-CR-00331 (Tenn. Crim. App. at Knoxville, Sept. 8, 1997). Our supreme court denied permission to appeal on June 8, 1998.

On January 8, 1998, the petitioner filed a pro se petition for post-conviction relief. The trial court appointed counsel and an amended petition was filed. At the conclusion of the evidentiary hearing, the trial court denied the petition. In this appeal, the petitioner asserts that his trial counsel was ineffective for failing to impeach the victim with a prior inconsistent statement. He contends that his appellate counsel was ineffective for failing to adequately communicate with him during the direct appeal and argues that the trial judge denied him a fair trial.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn.1996). On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App.1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App.1992).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App.1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App.1978).

First, the petitioner contends that his trial counsel was ineffective for failing to impeach the victim, his minor daughter,[1] with a prior inconsistent statement. The petitioner argues that the victim's testimony was virtually the only evidence presented against him by the state and that an effective impeachment of her testimony would have created reasonable doubt.

Although this claim has an unusual procedural history, the ground has not been waived or previously determined. While none of the post-trial motions filed by the petitioner are contained in the record, the petitioner apparently filed some sort of motion, separate from his motion for new trial, alleging ineffective assistance of trial counsel. Through newly appointed counsel, the petitioner raised four specific instances of alleged ineffective assistance of counsel: (1) failure to introduce a telephone answering machine tape recording of three attempts by the victim to call the

---

[1] It is the policy of this court not to reveal the name of a minor who has been the victim of a sex crime.

petitioner; (2) failure to introduce a tape recording of a conversation between the petitioner's sister and the victim; (3) failure to introduce letters, a Valentine's Day card, and a birthday card sent to the petitioner by the victim; and (4) failure to introduce evidence of the petitioner's homosexuality. The petitioner did not allege ineffective assistance of trial counsel in failing to cross-examine the victim with her prior inconsistent statement. At the conclusion of the hearing, Judge Mayo L. Mashburn took the motion under advisement. Prior to issuing a ruling, however, Judge Mashburn died. The motion was subsequently dismissed by Judge Carroll L. Ross, who ruled that the "motion is premature and that the defendant's case is currently before the Court of Criminal Appeals . . . [and that] such motion is more properly raised in a post-conviction proceeding." See Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App.1997); State v. Jimmy L. Sluder, No. 1236, slip op. at 7 (Tenn. Crim. App. at Knoxville, May 14, 1990).

The statement at issue, which was given by the victim to investigators in 1994, is as follows:

> I don't think anything has happened to [N.F.].[2] I don't think my dad did anything to her. I have never seen him do anything wrong to her except try to make her mind. He has never tried to do any[thing] sexual to me except for 7 years ago but since then he has served his time and been good to us.
>
> I don't understand why [N.F.] is saying this stuff except she blames Mom and Dad for me [and] her not being together, but that's not true, it's because I don't want to be around her because she is trouble.
>
> He has always been there for us kids. He has always been there supporting us.

At the post-conviction hearing, the petitioner's trial counsel testified that he considered use of the statement to impeach the victim but rejected such a strategy because, in his estimation, it would have given the state the opportunity to question the petitioner about his prior sexual abuse of the victim and, in particular, about his 1988 guilty plea to sexual battery in connection therewith. Trial counsel also expressed concern that use of the statement would have "opened the door" to N.F.'s allegations against the petitioner.

In our view, trial counsel had established a sound strategy. The statement contained references to a variety of otherwise inadmissible prior bad acts by the petitioner. References to the

---

[2]N.F., the victim's sister, also accused the petitioner of sexual abuse. The petitioner was tried on nine charges of rape and nine charges of incest as a result of N.F.'s allegations. The jury was unable to reach a verdict and, in 1995, a mistrial was declared. See State v. Jackie Crowe, No. 03C01-9606-CC-00225, slip op. at 2 (Tenn. Crim. App. at Knoxville, July 29, 1997).

petitioner's prior bad acts could have been highly prejudicial. Furthermore, a motion in limine, which might have been successful as to references to N.F., would not have prevented the state from introducing that portion of the statement referring to the prior sexual abuse of the victim. Trial counsel's decision not to cross-examine the victim with her prior inconsistent statement was a sound tactic.

Second, the petitioner claims that his appellate counsel was ineffective for failing to communicate with him. The petitioner testified that he had no knowledge that an appeal had been filed on his behalf until his post-conviction counsel advised him of that fact in June of 1998. He contended that he never had any communication, oral or written, with his appellate counsel. The petitioner's trial counsel testified that appellate counsel never spoke with him regarding the appeal or the issues raised therein. Appellate counsel was not called as a witness.

In our assessment, the performance of the petitioner's appellate counsel fell below the range of competence demanded of attorneys in criminal cases. Appellate counsel should have contacted the petitioner upon being appointed to handle the appeal and should have solicited the petitioner's input regarding the grounds for appeal. See Tenn. Sup. Ct. R. 8, DR7-101(A)(2) ("A lawyer shall keep a client reasonably informed about the status of a matter . . . ."); Tenn. Sup. Ct. R. 8, DR 7-101(A)(3) ("A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.") Notwithstanding this deficiency in appellate counsel's performance, the petitioner has failed to demonstrate any adverse effect on his defense. See Strickland, 466 U.S. at 668. The petitioner testified that he would have preferred to have had an opportunity to participate in his appeal because "what . . . they say that the appeal was put through on is not what I would have put in it." He argues that if he had the opportunity to consult with appellate counsel, he would have supplied him with information regarding the trial judge's alleged bias, the bias and motive of state witnesses, and the ineffectiveness of trial counsel. The petitioner, however, has failed to show how the outcome of his appeal might have been different even if these issues had been raised.

Article VI, § 11 of the Tennessee Constitution provides that "[n]o Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested." The right to a fair trial by an impartial judge is further guaranteed by Article I, § 17 of the Tennessee Constitution, as well as by the Due Process Clause of the United States Constitution. State v. Benson, 973 S.W.2d 202 (Tenn. 1998); see also In re Throneberry, 754 S.W.2d 633 (Tenn. Crim. App. 1988). "[T]he denial of [the] right to an impartial judge defies analysis by harmless error standards and requires automatic reversal." Benson, 973 S.W.2d at 208.

"The general rule is that a trial judge should recuse himself whenever his impartiality can reasonably be in question." State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. App. 1993). A trial judge's denial of a motion to recuse will be upheld absent a showing of abuse of discretion. Id.

The petitioner has failed to cite any specific instances of bias on the part of the trial judge. In fact, the record simply does not support the petitioner's claim of bias. The trial judge prohibited the state from introducing evidence of other sexual encounters between the petitioner and

the victim, sustained a fair number of defense counsel's objections, and held a jury-out hearing at defense counsel's request.

The petitioner asserts that the trial judge's alleged bias against him arose as a result of the mistrial on the rape and incest charges involving the victim's sister, N.F. In support of his argument, the petitioner claims that the trial judge ordered a probation revocation hearing[3] just two days after the mistrial. The record is unclear as to the type of proceeding ordered by the trial judge after the mistrial. While the petitioner's brief identifies it as a probation revocation hearing, the testimony of the petitioner's trial counsel indicates that it was a retrial of the N.F. charges. If it was a probation revocation hearing, it was continued so that the petitioner could spend Christmas at home with his family. If it was a retrial of the N.F. charges, a continuance was granted, apparently at the request of the petitioner's trial counsel. In either event, the petitioner has not met his burden of proving bias on the part of the trial judge.

The petitioner also cites his trial counsel's testimony regarding the trial judge's alleged bias and complains of the trial judge's reliance on his own recollection of the N.F. trial testimony in revoking the petitioner's probation. The petitioner's trial counsel testified that he believed that the trial judge "had developed an opinion that [the petitioner] was guilty" and that it was evident in the trial judge's comment, during the petitioner's probation revocation hearing, "something about how no matter what the jury thought, he didn't know, but in his mind he was sure that [the petitioner] was guilty."

The alleged comments are not in the record. First, it is the duty of the appellant to supply an adequate record for a determination on the merits. See State v. Coolidge, 915 S.W.2d 820, 826 (Tenn. Crim. App. 1995). Second, the N.F. charges against the petitioner were the basis for the probation revocation proceedings instituted by the state. The trial judge needed to find only by a preponderance of the evidence that the petitioner was guilty of those charges. See Tenn. Code Ann. § 40-35-311(e). As such, the standard of proof guiding the trial judge was less than that by which the jury was bound, and it was within the trial judge's discretion to revoke the petitioner's probation on that lesser standard.

Nor is bias evident in the trial judge's recollection of the N.F. trial testimony in revoking the petitioner's probation. While this court characterized the trial judge's procedure as questionable and suggested a more traditional process, it nevertheless affirmed the revocation of the petitioner's probation. State v. Jackie Crowe, No. 03C01-9606-CC-00225, slip op. at 6-7 (Tenn. Crim. App. at Knoxville, July 29, 1997). Significantly, the petitioner did not raise the trial judge's alleged bias in the appeal of his probation revocation. Accordingly, the petitioner has not been able to show that he would have prevailed had the trial judge's alleged bias been raised in his direct appeal.

---

[3]In 1988, the petitioner pled guilty to two counts of sexual battery involving the victim and N.F. and received consecutive five-year sentences.

The petitioner also contends that had appellate counsel communicated with him, he would have informed him of the bias and motive of state witnesses and the ineffectiveness of trial counsel. He fails, however, to provide this court with any argument or references to the record. Thus, this issue has been waived. <u>See</u> Tenn. R. Ct. Crim. App. 10(b). The only alleged deficiency of trial counsel cited by the petitioner is his failure to cross-examine the victim with her prior inconsistent statement. That was not ineffective assistance.

In sum, the evidence does not preponderate against the trial court's finding that the petitioner received effective assistance of trial counsel. While the performance of appellate counsel was ineffective by virtue of his failing to communicate with the petitioner, the petitioner has failed to demonstrate an adverse effect on his defense and has, therefore, failed to satisfy the second prong of <u>Strickland</u>. Thus, this issue affords the petitioner no basis for relief. Finally, the claim that the trial judge was biased against the petitioner is not supported by the record.

Accordingly, the judgment of the trial court is affirmed.